1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   BRYAN E. RANSOM,                              CV F   05-0283 AWI LJO P

10                         Plaintiff,            ORDER DISMISSING COMPLAINT WITH
                                                 LEAVE TO AMEND (Doc. 1.)
11          v.
                                                 ORDER DIRECTING CLERK OF COURT TO
12                                               SEND PLAINTIFF BLANK CIVIL RIGHTS
     ROJAS, et. al.,                             FORM
13
                              Defendants.
14   _____/

15
16          Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17   in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on

18   February 28, 2005, naming Correctional Officers Rojas, Manuel Hernandez-Castro, Alverez,

19   Carter, Dicks, Pina and Dobson, as well as John Doe, Inmate Appeals Coordinator as

20   Defendants.

     **A. SCREENING REQUIREMENT**

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28

1

1  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7  complaint under this standard, the court must accept as true the allegations of the complaint in

8  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11  **B. SUMMARY OF COMPLAINT**

12      Plaintiff alleges that while confined in the Secured Housing Unit ("SHU") at Corcoran

13  State Prison, a memorandum issued stating that SHU inmates would be released for showering

14  one cell at a time to prevent guard attacks.  Plaintiff states that the control booth officers have

15  negligently and/or deliberately opened the wrong cell doors for prisoners returning to their cells

16  causing "gladiator type" situations and resulting in prisoner attacks.  The memorandum further

17  instructed that the only foot gear that was to be worn by prisoners to and from the showers was

18  shower shoes and that noncompliance would result in escorts by prison staff to and from the

19  showers.  Plaintiff states that he was opposed to exiting his cell in shower shoes because this

20  would reduce his ability to defend himself from an attack and so he elected to be placed on

21  controlled movement which was "re-enforced [sic] by Defendant Alvarez opening the wrong cell

22  door and rival prisoners . . . attacking and assaulting one another."  (Complaint at 5.)  The

23  prisoners in shower shoes lost the battle and caused other prisoners to refuse to exit their cells

24  instead electing to be placed on controlled movement.

25      On August 14, 2004, Defendants Rojas, Castro, Alverez and Carter told Plaintiff and

26  other prisoners that escorting them to and from the showers was becoming burdensome and that

27  their refusal to wear shower shoes would result in forfeiture of showers.   Plaintiff contends that

28  the proposed forfeiture violates CDC policy.   Plaintiff subsequently filed a "group" appeal on

August 19, 2004, concerning the policy and forfeiture of showers which were denied by

Defendant Dicks, who did not forward the appeal to the appeals coordinator as required by CDC

policy.

Plaintiff alleges that on August 24, 2004, he resubmitted the group appeal which was mis-

categorized as a Staff Misconduct Complaint by Defendant Doe.  On August 30, 2004,

Defendant Alverez electronically opened Plaintiff's cell door and directed him to report to the

dayroom/sally port to pick up legal mail.  When he arrived, he was directed to cuff up. Plaintiff

complied and was escorted to a holding cage where he learned that he was being transferred to

another housing unit.  When he asked why, he was told he had been in the building too long and

had too much influence on other inmates.  Plaintiff then complains that he is still confined at that

new location and has filed grievances concerning the transfer against Defendants Rojas, Castro,

Alverez, Carter, Dicks, and Dobson.  Plaintiff is seeking injunctive relief and monetary damages.

## C.  CLAIMS FOR RELIEF

### 1.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

federal rights.

### 2. Denial of Showers - Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). A plaintiff may not base his Eighth Amendment claim on a "totality of the conditions" theory. Hoptowit v. Ray, 682 F.2d 1237, 1246-47 (9th Cir. 1982).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer v. Brennan, 511 U.S. at 835; Frost v. Agnose, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

Plaintiff has alleged no facts that support a claim for relief under the Eighth Amendment. Although Plaintiff complains generally about the deprivation of showers, the extent of and whether he was ever denied them is unclear.  The periodic deprivation of showers does not rise to the level of cruel and unusual punishment.  To find otherwise would serve to trivialize the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.") (*internal quotation marks and citations omitted*).  In addition, Plaintiff fails to link any named Defendant to an act or omission giving rise to such a violation.

### *3.  Retaliation*

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003.   "Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*).

In assessing the fourth requirement, the court at the pleading stage should ask " 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." ' Id. at 568, *quoting* Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir.1999). "The 'government' to which the First Amendment guarantees a right of redress of grievances includes prison authorities, as it includes other administrative arms and units of government." Bradley v. Hall,64 F.3d 1276, 1279 (9th Cir.1995), *citing* Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989).  An

allegation that a defendant subjected a prisoner to "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 138 (9th Cir.1987) (*internal quotations omitted*).  However, in the context of a prisoner's retaliation claim, threats of discipline or transfer for the plaintiff's exercise of his First Amendment rights are sufficient adverse action to state a claim.  <u>See</u> <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1123 (9th Cir.2001); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1141 (9th Cir.1989).

In this case, although Plaintiff alleges sufficient facts to state a claim for relief for retaliation, he does not specifically link any of the named individuals to an act or omission giving rise to the claim for relief.  Plaintiff states that he was reassigned to another cell and that the Defendants moved him there in retaliation for his filing grievances.  However, the facts alleged do not support a claim for relief that the Defendants were responsible for Plaintiff's transfer and that the ordered transfer was in retaliation.  Accordingly to the Complaint, the named Defendants solely carried out the order of transfer.  Accordingly, the Complaint does not sufficiently allege a cognizable claim for relief.

### 4. Excessive Force

The use of excessive force by a prison official violates the eighth amendment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S.Ct. 995  (1992).  Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " <u>See</u> <u>id</u>. at 6 (*quoting* <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21, 106 S.Ct. 1078  (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline."  <u>Id</u>. at 4-5, 7, 112 S.Ct.  at 999.  Such factors as the need for the application of the force, the relationship between the need for the application of force and the

amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078  (1986).   An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation.  Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action.  Id. at 9.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

In this case, Plaintiff alleges that Defendant Dobson and "4B2R officers" used force to place him in his new cell.  However, other than the statement that force was used, Plaintiff provides no other facts giving rise to Eighth Amendment claim.  In addition, Plaintiff fails to link any Defendant to a specific act or omission as required.  Accordingly, the Complaint fails to state a claim for relief.

### 5.  Assault & Battery

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another."  Cal. Penal Code § 240, 242 (West 1999); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).

Plaintiff has alleged no facts giving rise to a claim for relief under the state law of assault and batter nor does he link any named Defendant to an act or omission.

***6. Negligence***

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2001). "To establish negligence, a party must prove the following: (a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." Hair v. State, 2 Cal. Rptr. 2nd  871, 875 (Cal. Ct. App. 1991) (*citations omitted*).

The Complaint also does not allege sufficient facts giving rise to a state law negligence claim for relief.

***7. Intentional Infliction of Emotional Distress***

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (*citing* Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (*quotations omitted*).

As in the cases above, the Complaint does not allege sufficient facts to give rise to a claim of intentional infliction of emotional distress.

***8. Inmate Appeals***

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley

v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure to process a grievance does not state a constitutional violation. Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

In this case, Plaintiff's allegations against Defendant Doe are for the purpose of the manner in which he categorized his inmate appeal, as a staff complaint.  As noted above, however, Plaintiff's allegations concerning the appeal do not give rise to a constitutional claim for relief as he has no liberty interest in the inmate appeals process.  Accordingly, the Complaint does not state a cognizable claim for relief concerning the inmate appeal claim against Defendant Doe.

### 9. Capacity

Plaintiff also alleges that he is suing each of the Defendants in both their official and individual capacities.   However, the Eleventh Amendment bars damages actions against state officials in their official capacity.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  For this reason, Plaintiff may not pursue damages claims against the Defendants in their official capacities.

### D.  CONCLUSION

The Court finds that Plaintiff's complaint does not contain any claims upon which relief

can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.  Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588 F.2d 740, 743 (9th Cir.  1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

complaint form;

2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

from the date of service of this order, Plaintiff SHALL:

a.  File an Amended Complaint curing the deficiencies identified by the Court

in this Order, or

b.  Notify the Court in writing that he does not wish to file an Amended

Complaint and pursue the action but instead wishes to voluntary dismiss

the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a

Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    May 24, 2006**                          **/s/ Lawrence J. O'Neill**
b9ed48                                  UNITED STATES MAGISTRATE JUDGE

11