UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | 1:05-cv-00283-AWI-GSA-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON RETALIATION CLAIM AGAINST DEFENDANT ROJAS |
| v. | |
| ROJAS, et al., | |
| Defendants. | (Doc. 9) |
| / | THIRTY DAY DEADLINE |

Bryan E. Ransom ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The court screened plaintiff's complaint and issued an order on May 24, 2006, dismissing the complaint with leave to amend. Plaintiff filed an amended complaint ("First Amended Complaint") on June 26, 2006. In the First Amended Complaint, plaintiff names Rojas, Castro, Alverez, Carter, and Dicks as defendants.

**A.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     PLAINTIFF'S CLAIMS**

*1.     Summary of the First Amended Complaint*

In the First Amended Complaint, plaintiff claims that defendants Rojas, Castro, Alverez, Carter, and Dicks violated his rights under the Eighth Amendment when they refused for an extended period of time to allow plaintiff to take a shower. Plaintiff alleges that defendants completely denied showers to plaintiff and other prisoners for 13-55 consecutive days. Plaintiff alleges that the denial of showers caused him to contract a fungus under his toenail that caused him substantial pain, bleeding, and permanent disfiguration of his toenail bedding.

Plaintiff also claims that defendants Rojas, Castro, and Carter retaliated against him for filing a prison grievance against them by transferring plaintiff from one housing unit to another. Plaintiff alleges that on August 17, 2004, he filed a prison grievance against defendants Rojas, Castro, Alverez, Carter, and Dicks for depriving him and other prisoners of the ability to take showers. Plaintiff alleges that as a consequence, defendants Rojas, Castro, and Carter called him out of his cell and told him they were transferring him from housing unit 4B2L to 4B2R. Plaintiff alleges that when he asked the defendants if the transfer was due to plaintiff filing the August 17, 2004 grievance, defendant Rojas replied, "Yes, you can say that." Plaintiff alleges that subsequently, defendants Rojas, Castro, and Carter transferred plaintiff to housing unit 4B2R.

### 2.     Section 1983 Standard

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### 3.     Linkage Requirement

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

### 4.     Denial of Showers - Eighth Amendment Claim

With respect to plaintiff's Eighth Amendment claim, in order to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080,

1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  A plaintiff may not base his Eighth Amendment claim on a "totality of the conditions" theory.  Hoptowit v. Ray, 682 F.2d 1237, 1246-47 (9th Cir. 1982).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, (9th Cir.1998) (*citing* Farmer v. Brennan, 511 U.S. 825, 835 (1994).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. at 834 (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. at 835.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer v. Brennan, 511 U.S. at 835; Frost v. Agnose, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

Plaintiff has alleged no facts in the First Amended Complaint that support a claim for relief under the Eighth Amendment.  As stated in the court's order of May 24, 2006, the periodic deprivation of showers does not rise to the level of cruel and unusual punishment.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.") (*internal quotation marks and citations omitted*).  In addition, plaintiff fails to link any named defendant to an act or omission giving rise to such a violation.  Plaintiff's general statement that all of the named defendants refused to allow him and other prisoners to take a shower for 13-55 days does not allege any facts showing that any of the defendants individually "knew of and disregarded an excessive risk" to plaintiff's health or safety.

4

5.      *Retaliation Claim*

With respect to plaintiff's claim of retaliation, an allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*).

In assessing the fourth requirement, the court at the pleading stage should ask " 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.' " Id. at 568, *quoting* Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir.1999). "The 'government' to which the First Amendment guarantees a right of redress of grievances includes prison authorities, as it includes other administrative arms and units of government." Bradley v. Hall,64 F.3d 1276, 1279 (9th Cir.1995), *citing* Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). An allegation that a defendant subjected a prisoner to "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987) (*internal quotations omitted*). However, in the context of a prisoner's retaliation claim, threats of discipline or transfer for the plaintiff's exercise of his First Amendment rights are sufficient adverse action to state a claim. See Gomez v. Vernon, 255 F.3d 1118, 1123 (9th Cir.2001); Valandingham v. Bojorquez, 866 F.2d 1135, 1141 (9th Cir.1989).

Plaintiff's allegations in the First Amended Complaint are sufficient to give rise to a claim for relief against defendant Rojas for retaliation. However, plaintiff does not specifically link any of the other named individuals to an act or omission giving rise to the claim for relief. Therefore, plaintiff's retaliation claim is cognizable only against defendant Rojas.

///

///

5

**C.     CONCLUSION**

Plaintiff's First Amended Complaint states a cognizable claim for relief under section 1983 against defendant Rojas for retaliation. However, plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file a Second Amended Complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a Second Amended Complaint and is agreeable to proceeding only against defendant Rojas on his retaliation claim, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Stancliff.

In the event that plaintiff does wish to file a Second Amended Comlaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to file a Second Amended Complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File a Second Amended Complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file a Second Amended Complaint and wishes to proceed only against defendant Rojas on his cognizable retaliation claim; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 2, 2007**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE