IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYAN E. RANSOM, | ) | 1:05-cv-00283-AWI-GSA-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN DEFENDANTS |
| vs. | ) ) | AND CLAIMS FROM ACTION |
| ROJAS, et al., | ) ) | OBJECTIONS, IF ANY, DUE IN TWENTY (20) DAYS |
| Defendants. | ) ) | |

I.  Relevant Procedural History

Plaintiff Bryan E. Ransom ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 28, 2005. On May 24, 2006, the court dismissed the complaint with leave to amend, and on June 26, 2006, plaintiff filed an amended complaint. The court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim for relief under section 1983 against defendant Rojas for retaliation in violation of the First Amendment. Fed. R. Civ. P. 8(a); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). On November 2, 2007, the court issued an order for plaintiff to file a second amended complaint, or in the alternative, to notify the court of his willingness to

proceed only on the retaliation claim against defendant Rojas.  On November 8, 2007, plaintiff filed a response to the court's order, notifying the court that he agrees to proceed only on the cognizable retaliation claim against defendant Rojas.

II.     Summary of Plaintiff's Claims

In his amended complaint, plaintiff claims that defendants Rojas, Castro, Alverez, Carter, and Dicks violated his rights under the Eighth Amendment when they refused for an extended period of time to allow plaintiff to take a shower.  Plaintiff alleges that defendants completely denied showers to plaintiff and other prisoners for 13-55 consecutive days.  Plaintiff alleges that the denial of showers caused him to contract a fungus under his toenail that caused him substantial pain, bleeding, and permanent disfiguration of his toenail bedding.

Plaintiff also claims that defendants Rojas, Castro, and Carter retaliated against him for filing a prison grievance against them by transferring plaintiff from one housing unit to another. Plaintiff alleges that on August 17, 2004, he filed a prison grievance against defendants Rojas, Castro, Alverez, Carter, and Dicks for depriving him and other prisoners of the ability to take showers.  Plaintiff alleges that as a consequence, defendants Rojas, Castro, and Carter called him out of his cell and told him they were transferring him from housing unit 4B2L to 4B2R. Plaintiff alleges that when he asked the defendants if the transfer was due to plaintiff filing the August 17, 2004 grievance, defendant Rojas replied, "Yes, you can say that."  Plaintiff alleges that subsequently, defendants Rojas, Castro, and Carter transferred plaintiff to housing unit 4B2R.

III.    Findings

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In the instant action, the court issued a screening order on November 2, 2007, finding that plaintiff's amended complaint states a cognizable claim under section 1983 against defendant Rojas for retaliation. The court also found that plaintiff's amended complaint does not state any other claims upon which relief may be granted under section 1983. On November 2, 2007, the court issued an order for plaintiff to file a second amended complaint, or in the alternative, to notify the court of his willingness to proceed only on the retaliation claim against defendant Rojas. On November 8, 2007, plaintiff notified the court that he agrees to proceed only on the cognizable retaliation claim against defendant Rojas. Based on the foregoing, the court finds that this action should proceed only against defendant Rojas on plaintiff's retaliation claim, and all other defendants and claims should be dismissed.

IV.     Recommendations

Accordingly, the court HEREBY RECOMMENDS that:

1. Defendants Castro, Alverez, Carter and Dicks be dismissed from this action, without prejudice, based on plaintiff's failure to state a claim under section 1983 against them;

2. Plaintiff's Eighth Amendment claim against defendant Rojas for denying plaintiff showers be dismissed from this action, without prejudice, for failure to state a cognizable Eighth Amendment claim against him; and

3. This action proceed only against defendant Rojas on plaintiff's retaliation claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty

(20) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2007**                    /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE