# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | 1:05-cv-00283-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| M. ROJAS, | (Doc. 25) |
| Defendant. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff Bryan E. Ransom ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's First Amended Complaint, filed June 26, 2006, against defendant M. Rojas ("defendant") for retaliation under the First Amendment.[1] (Doc. 9.) On April 29, 2008, defendant filed a motion to dismiss for failure to exhaust, pursuant to Federal Rule of Civil Procedure 12(b). (Doc. 25.) Plaintiff filed an opposition on May 15, 2008, and defendant filed a reply to plaintiff's opposition on May 16, 2008.[2] (Docs. 26, 27.)

---

[1] On January 18, 2008, the court ordered that this action proceed only against Correctional Officer M. Rojas on plaintiff's retaliation claim, and all other claims and defendants were dismissed from this action. (Doc. 17.)

[2] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust on January 22, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 19.)

1  II.  **MOTION TO DISMISS FOR FAILURE TO EXHAUST**

2  A.  **Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). However, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

B.  **Discussion**

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by

1 submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including
2 the informal level, first formal level, second formal level, and third formal level, also known as
3 the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days
4 of the event being appealed, and the process is initiated by submission of the appeal to the
5 informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In
6 order to satisfy section 1997e(a), California state prisoners are required to use this process to
7 exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006);
8 McKinney, 311 F.3d at 1199-1201.

9     Defendant argues that he is entitled to dismissal of this action because plaintiff failed to
10 obtain a Director's Level decision following receipt of the first level decision granting his appeal.
11 In support of his motion, defendant submits evidence that plaintiff filed an appeal relating to his
12 claim, which was granted at the first level of review, and that there is no record plaintiff ever
13 pursued his claim to the Director's Level of review. (Doc. 25, Motion, Grannis Dec., ¶7; Jones
14 Dec., ¶¶3, 4; Exh. A & B.)

15     The court rejects defendant's argument that exhaustion always requires pursuit of an
16 appeal through the Director's Level of review. The governing regulations impose no such
17 requirement, and it is not the law of this Circuit that a Director's Level response is always
18 required to satisfy section 1997e(a). Brown, 422 F.3d at 935-36. Rather, what is required will be
19 dependent upon prison officials' response to the appeal. "[E]ntirely pointless exhaustion" is not
20 required. Id. at 936.

21     In this instance, on September 1, 2004, plaintiff filed an inmate appeal concerning the
22 retaliation claim which is the subject of this action, requesting an investigation. (Jones Dec., ¶3,
23 4, exh. B.) The appeal was granted at the first level of review and the investigation was
24 conducted. A copy of the granted appeal form, with a written response from the Associate
25 Warden attached, was returned to plaintiff on December 8, 2004. Id. at pg. 1-4. At Section F,
26 after the "Granted" box was checked, the appeal form stated, "If dissatisfied, explain reasons for
27 requesting a Second-Level Review, and submit to institution or Parole Region Appeals
28 Coordinator within 15 days of receipt of response." The Associate Warden's written response

notified plaintiff of his finding that plaintiff's allegations were "Exonerated" as a result of the fact finding inquiry.

Defendant maintains that because plaintiff was dissatisfied with the results of his grievance (as proven by plaintiff's lawsuit), he was required to give Corcoran officials the opportunity to address that dissatisfaction by a Second Level appeal. Defendant maintains that "[p]rison officials could have issued him a formal apology, changed the policies regarding adjudication of staff complaints, or afforded plaintiff a hearing to vent his discontent." (Motion at pg. 6:26-28.)

Plaintiff argues that under Brown, he had no possibility of further relief through the appeal process because he filed a Staff Misconduct complaint which was granted at the formal level of review. Brown, 422 F.3d 926, 937-39. Plaintiff claims that according to CDC Administrative Bulletin 98/10, when a CDC 602 grievance has been classified as a Category 7 "Staff Misconduct Complaint," it is investigated through a separate and confidential process, with no possibility of further parallel investigation or relief through the appeal process or grievance procedure. Plaintiff asserts that he filed a CDC 602 form alleging staff misconduct, which was subsequently classified as a Category 7 "Misconduct of Staff Complaint," and was granted at the first formal level of review.

Defendant replies that the holding in Brown is not applicable to plaintiff's appeal, because, unlike Brown, plaintiff was informed of the results of the investigation he requested, and plaintiff was advised at Section F of the grievance form that further relief was available to him. Defendant concludes that because plaintiff knew he was dissatisfied with the result of the investigation and knew that further relief was available, he was required to appeal to the next level. Defendant also argues that plaintiff fails to show that Corcoran officials were without authority to act further or grant him some relief after the investigation was conducted.

As previously stated, what is required of plaintiff depends on the response of prison officials to his appeal. The Brown court held that "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available."

Brown, 422 F.3d at 935-936.  Defendants bear the burden of proving absence of exhaustion. Here, defendants show that although plaintiff's request for an investigation was granted, he was dissatisfied with the outcome of the investigation.  Defendants show that prison officials notified plaintiff that if he was dissatisfied, he should request a Second-Level Review within 15 days. Plaintiff failed to request another review before filing his complaint at the court.  Even if plaintiff had no possibility of further parallel investigation or relief through the appeal process or grievance procedure, he did not complete the process available to him for his appeal or receive all the remedies available to him. Therefore, the court finds that defendant has met his burden, and the motion to dismiss should be granted.

### III.    CONCLUSION

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1.  Defendant's motion to dismiss for failure to exhaust, filed April 29, 2008, be GRANTED;

2.  This action be DISMISSED without prejudice; and

3.  The Clerk of Court be DIRECTED to close this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 3, 2008**             /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE