IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | 1:05-cv-00283-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| vs. | (Doc. # 25) |
| M. ROJAS, | |
| Defendant. | |
| _____/ | |

Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 4, 2008, Findings and Recommendations were entered, recommending that the court grant Defendant's motion to dismiss and dismiss this action based on Plaintiff's failure to exhaust administrative remedies. The parties were provided an opportunity to file objections to the Findings and Recommendations within thirty days. On August 22, 2008, Plaintiff filed objections. On September 3, 2008, Defendant filed a reply to Plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court respectably declines to adopt the Findings and Recommendations.

At issue in the pending motion to dismiss is whether Plaintiff complied with 42 U.S.C. § 1997e(a) by exhausting the prison's administrative remedies. The basic law concerning exhaustion

1

1  is known to the parties and correctly cited in the Findings and Recommendations, and as such, it will
2  not be repeated in this order.   In short, exhaustion is an affirmative defense for a defendant that
3  should be raised by way of an unenumerated Rule 12(b) motion.  See Wyatt v. Terhune, 315 F.3d
4  1108, 1119 (9th Cir. 2003).   Prisoners are required to exhaust available administrative remedies
5  prior to filing a civil rights action.  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v.
6  Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

7        The court disagrees with the Magistrate Judge's conclusion that Plaintiff failed to exhaust his
8  retaliation claim prior to filing this civil rights action.  The parties agree that Plaintiff filed an appeal
9  concerning Defendant's alleged retaliation.  When appealing, Plaintiff used the standard CDC 602
10 inmate appeal form, which was given the number 04-03777.  On the standard CDC 602 form, along
11 with an accompanying explanation, Plaintiff informed prison officials that Defendant Rojas and
12 other staff members retaliated and harassed Plaintiff by reassigning him to a disciplinary cell because
13 he had initiated a group appeal.   Plaintiff asked that this allegation of staff misconduct, retaliation,
14 and harassment be investigated according to CDC Policy.   Plaintiff's appeal was bypassed by prison
15 officials at the informal level of administrative review.   On the appeal form it was noted that
16 because it was a CDC 602 alleging staff misconduct, a fact finding report should be addressed to the
17 Division Head and a separate First Level Response given to the inmate.   The notation reminds the
18 reviewing employee to "indicate their finding in accordance to the following explanations: <u>NO
19 FINDING / NOT SUSTAINED / UNFOUNDED / EXONERATED / SUSTAINED</u>."

20       The associate warden responded to Appeal 04-03777 at the first formal level of review.   On
21 the standard CDC 602 form in the section for the first formal level response, the box "Granted" is
22 checked.   There is no explanation about the appeal in this action on the standard CDC 602 form,
23 but there is a notation to "see attached."  Attached is a letter response to Plaintiff's staff complaint.
24 The letter states that the appeal issue is "<u>STAFF COMPLAINT</u>."  It reads as follows:

25     APPEAL RESPONSE: You were interviewed by Sergeant S. Pina on November 18,
    2004, regarding your appeal concerning alleged staff misconduct.   Sergeant Pina
26     conducted a fact-finding inquiry concerning all individuals involved in your
    allegations.
27

28                                           2

> You are advised that a fact-finding of your appeal has been completed. The findings are confidential and therefore will not be disclosed. If any misconduct was discovered, appropriate corrective action will be taken.
>
> Based on the above circumstances, your appeal is Granted in that a fact finding inquiry was completed at the First Level Review.
>
> Also, based on the fact-finding investigation, I have concluded my finding of your allegations were Exonerated.

The letter is assigned by an Associate Warden.

After receiving this response, Plaintiff filed this civil rights action alleging retaliation. Defendant contends that Plaintiff did not exhaust his administrative remedies prior to filing suit because he did not pursue Appeal 04-03777 to the second and third formal levels. As established by the Ninth Circuit in Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005), however, a plaintiff's obligation to pursue administrative remedies persists only if some remedy remains available to him. See Brown, 422 F.3d at 935.

In Brown, a prisoner brought a civil rights action pursuant to 42 U.S.C. § 1983, alleging that a correctional officer used tear gas and assaulted him. Brown, 422 F.3d at 930. Brown filed a grievance regarding the incident. At the second formal level of review, Brown received a Warden's level decision that identified the appeal issue as a staff complaint and stated the appeal was partially granted. Id. at 930-31. The letter stated that Brown's allegations would be investigated and Brown would be informed upon the investigation's completion. Id. at 931. The letter stated Brown would not be apprised if any disciplinary action was taken, but Brown was assured appropriate action would be taken if deemed necessary. Id. Brown did not pursue his appeal to the third and final director's level after receiving this response. Id. When Brown filed a civil rights action, the defendant filed a motion to dismiss, claiming that Brown had failed to exhaust his administrative remedies. Id. at 932.

On appeal, the Ninth Circuit held that: "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown 422 F.3d at 935. "[A] prisoner need not press on to exhaust further levels of review once he has either

received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Id.  The Ninth Circuit found that the defendant had not established that once an investigation had been ordered through a staff complaint there was any remaining authority for actions through the prison's grievance procedure.  Id. at 937.  The court noted that the response from the second level of review reasonably suggested to Brown that no further relief would be available to him should he continue to appeal.  Id. at 937-38.  The response also informed Brown that he would not be apprised of any disciplinary action.  Id.  The Ninth Circuit reviewed the CDC's directives and procedures and found these directives and procedures supported the Ninth Circuit's finding that no further relief was "available" to Brown.  Id. at 938-39.

       The court finds that the same reasoning discussed in Brown applies to this case.  The first level response to Plaintiff's Appeal 04-03777 reasonably suggested to Plaintiff that no further relief would be available to him.  The standard CDC 602 form appeal states that the appeal was "Granted."  The notation on the form then states to see the attached letter.  As in Brown, the Assistant Warden's letter characterized Plaintiff's appeal as a "Staff Complaint."  The letter informed Plaintiff that an investigation had been conducted but the results would not be disclosed.  As in Brown, the letter failed to indicate or advise that any further review was available to Plaintiff.  While Defendant points out that the next section on the standard CDC 602 form states it should be filled out if Plaintiff was unsatisfied, there is no indication why the standard CDC 602 form would trump the written response given to what was labeled a Staff Complaint.

       Defendant has submitted no evidence to suggest that further relief through the prison administrative grievance procedure was "available" to Plaintiff.  Defendant's attorney does argue that further relief was available because prison officials could have issued Plaintiff a formal apology, changed the policies regarding staff complaints, afforded Plaintiff a hearing to vent his discontent, or various other actions.  However, Defendant has failed to provide any *evidence* that these remedies were actually available.  As in Brown, Defendant has only submitted a declaration confirming that Plaintiff did not file an appeal at the director's level of review and a declaration authenticating the appeals that were filed.  As the Ninth Circuit explained "[t]his evidence does not demonstrate that

4

the appeals process could have, or did, yield any relief under circumstances similar to those here." Id. at 939.

Defendant attempts to distinguish Brown by arguing that in this case Plaintiff was told the officers were exonerated and Plaintiff was clearly unsatisfied with that result because he filed this civil rights action. Plaintiff's "satisfaction" with the appeal response he received, of course, is not the operative standard. The standard is whether a further appeals process was "available." Further, the court finds that it is less than clear that Plaintiff was told that the officers had been exonerated. The sentence at issue in the letter reads: "Also, based on the fact-finding investigation, I have concluded my finding of your allegations were exonerated." The sentence is vague and appears to be incomplete. It is unclear if the sentence means Plaintiff's allegations were exonerated, meaning the officers were found to have committed the retaliation and harassment, or if the sentence means the officers were exonerated and found not to have committed the retaliation and harassment. And, either reading of the sentence is inconsistent with the prior paragraph in which Plaintiff is advised that the findings are confidential and will not be disclosed. The court declines to make the factual finding that Plaintiff's allegations were determined to be untrue and/or that Plaintiff was unhappy with the factual findings that were made. Regardless, because the issue is whether further relief was "available", Plaintiff's satisfaction and the Assistant Warden's exact factual findings are not particularly relevant.

The court concludes that the evidence before the court does not establish that Plaintiff did not pursue his administrative appeal through the highest level of available review. Exhaustion is an affirmative defense under which a defendant has the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Brown, 422 F.3d at 936; Wyatt, 315 F.3d at 1119. Defendant has not carried that burden in this instance and therefore, the pending motion to dismiss must be denied.

//
//

5

Accordingly, THE COURT HEREBY ORDERS that:

1. Defendant's motion to dismiss, filed April 29, 2008, is DENIED; and
2. This action is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   October 15, 2008**                     /s/ Anthony W. Ishii
                                                                  CHIEF UNITED STATES DISTRICT JUDGE