# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RANSOM, | 1:05-cv-00283-AWI-GSA-PC |
|     Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER |
| v. | (Doc. 44.) |
| ROJAS, | |
|     Defendant. | |

**I.  BACKGROUND**

Plaintiff Bryan Ransom ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding with Plaintiff's first amended complaint, filed June 26, 2006, on Plaintiff's retaliation claim against Defendant Rojas ("Defendant"). (Doc. 9.)

On October 26, 2009, Defendant filed a motion for summary judgment. (Doc. 43.) Plaintiff has not filed an opposition to the motion for summary judgment.

On January 29, 2010, Plaintiff filed a motion for the court to issue a new scheduling order in this action. (Doc. 44.) On February 19, 2010, Defendant filed an opposition to Plaintiff's motion. (Doc. 46.) On March 22, 2010, Plaintiff filed a reply to the opposition. (Doc. 47.) Plaintiff's motion is now before the court.

**II.  MODIFICATION OF SCHEDULING ORDER**

A court may modify a scheduling order for good cause. Fed.R.Civ.P 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment."Johnson v. Mammoth Recreations, Inc., 975 F2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id.

1     Plaintiff requests the court to issue a new scheduling order in this action, re-opening
2 discovery, allowing Plaintiff additional time to amend the complaint, and extending time for the
3 filing of pretrial dispositive motions and responses.  Plaintiff claims that his medical condition
4 prevented him from adhering to the deadlines established in the court's scheduling order whose
5 deadlines have expired.  Specifically, Plaintiff claims he was diagnosed with Hepatitis C and by
6 March 13, 2009, he had developed debilitating pain in his joints impeding his ability to write.
7 Plaintiff asserts that he requested appointment of counsel on March 13, 2009, with the assistance of
8 another inmate, explaining his medical condition, and the request for counsel was denied.  Plaintiff
9 claims he requested assistance from prison staff members with writing legal documents, but he was
10 informed that such assistance "exceeds the duties of CDCR staff."  Plaintiff contends he was
11 therefore unable to litigate his cases or meet deadlines.  Plaintiff claims he has recently begun to
12 regain use of his hands.  In support of his motion, Plaintiff submits copies of medical records as
13 evidence that he was diagnosed with chronic Hepatitis, was prescribed medications, and complained
14 of hand pain.  For these reasons, Plaintiff requests a new scheduling order giving him additional time
15 to amend his complaint, complete discovery, and file dispositive motions and responses.

16     In opposition, Defendant argues that Plaintiff's motion is untimely, he fails to show good
17 cause for his unreasonable delay, and he presents no evidence showing how and to what extent his
18 medical condition affected his ability to prosecute his case.  Defendant argues that Plaintiff has not
19 submitted any evidence showing the frequency and intensity of his pain, the effects his condition had
20 on his ability to write or type, or that his pain level or its debilitating effects were constant
21 throughout the year.  Further, Defendant contends that Plaintiff submitted no medical evidence to
22 substantiate his claim.  Defendant further argues that Plaintiff's record of filing documents in this
23 and other cases since March 13, 2009, does not support his claim of incapacity.  Defendant provides
24 examples of numerous documents on the court's record filed by Plaintiff in his own handwriting,
25 between March 25, 2009 and September 21, 2009.

26     In reply, Plaintiff argues that his medical condition prevented him from requesting a new
27 scheduling order before now. Plaintiff concedes that he should have documented his medical
28 condition and treatment better than he did.  He now submits copies of prison records as evidence that
  he was issued and ordered to wear wrist braces on both hands in August 2009, continued to complain

1  of chronic wrist and finger pain and stiffness in September 2009, and was prescribed a course of
2  medication in September 2009 with increased dosage in October 2009. With regard to legal
3  documents filed by Plaintiff between February 2009 and February 2010, Plaintiff contends that he
4  "diligently did as much as he could" rather than "just [lying] down feeling sorry for himself."

5      Plaintiff's argument that his medical condition affected his ability to amend his pleadings,
6  conduct discovery, file an opposition to Defendant's October 26, 2009 motion for summary
7  judgment, or file a request for extension of the court's deadlines before now, is unavailing. Despite
8  claims that he suffered from debilitating pain in his hands, wrists and joints by March 13, 2009, the
9  court's record in Plaintiff's case 1:05-cv-00086-OWW-GSA-PC Ransom v. Johnson contains an
10 eighteen-page opposition to a motion for summary judgment filed on May 14, 2009, written in the
11 same distinctive handwriting used by Plaintiff throughout his many civil rights cases.[1] (Court
12 Record in Johnson, Doc. 204.) Plaintiff also filed five other documents in Johnson between March
13 26, 2009 and May 14, 2009, all in his own handwriting. (Id., Docs. 189, 190, 191, 203, 205.)
14 According to this record, Plaintiff's pain was not debilitating enough to prevent him from writing
15 an eighteen-page opposition two months into the twelve-month period he claims he was so disabled
16 he could not write. Despite Plaintiff's evidence that he suffers from Hepatitis, was prescribed a
17 course of medication, and complained of pain in his hands, wrists and joints, Plaintiff's argument
18 that he could not write beginning in March 2009, and that he is just now beginning to regain use of
19 his hands, is not credible.   Therefore, Plaintiff has not shown good cause to modify the court's
20 scheduling order to allow him additional time to amend pleadings, conduct discovery, and file
21 dispositive motions and oppositions.

22     Accordingly, Plaintiff's motion for a new scheduling order is DENIED.

24 IT IS SO ORDERED.
25 Dated:   **June 21, 2010**               /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In this court alone, Plaintiff filed ten civil rights cases between 2000 and 2009, in which he submits most of his documents in his own handwriting.